IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLANDA KAY ESTES,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:17-CV-1968-K-BK |
| | § | |
| THRIFT TOWN, et al.,<br>　　　Defendants. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this action was referred to the United States magistrate judge for judicial screening. On September 11, 2017, Plaintiff, proceeding *pro se*, filed an amended complaint against her former employer, Thrift Town, Manager Isabell, Regional Manager Allen, and Human Resource Representative Kevin. Doc. 12 at 2. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, it is recommended that the District Court dismiss the claims against the individual Defendants with prejudice.

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff has only pleaded claims under Title VII and the Americans with Disabilities Act (ADA). Doc. 12 at 3; Doc. 3 at 5 (*Charge of Discrimination*). However, "individuals are not

liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n. 1 (5th Cir. 2003); *see also Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."). Individual liability is similarly precluded under the ADA. *See Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 473 (N.D. Tex. 2003) (Lynn, J.) (holding "due to the similarity in the definitions of 'employers' under Title VII, the ADEA, and the ADA ... that personal capacity suits are likewise prohibited under the ADA"); *see also Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) (collecting cases). Therefore, all claims against the individual Defendants lack an arguable basis in law and should be dismissed with prejudice as frivolous.

For the foregoing reasons, it is recommended that all claims against Defendants Isabell, Allen, and Kevin be **DISMISSED WITH PREJUDICE** as frivolous unless Plaintiff amends her complaint, within 14 days of the date of this recommendation, to allege a viable claim against one or more of said Defendants. *See* 28 U.S.C. § 1915(e)(2)(B); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal).[1]

**SIGNED** October 2, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Contemporaneously with this recommendation, the Court ordered the issuance of process on the remaining Defendant.

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days)

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE