IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROLANDA KAYE ESTES,         § | |
|     Plaintiff,         § | |
|         § | |
| v.         § | Civil Action No. 3:17-CV-1968-K-BK |
|         § | |
| THRIFT TOWN,         § | |
|     Defendant.         § | |

**FINDINGS. CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. §§ 636(b)(1)(B) & (C), *Defendant's Motion to Dismiss for Failure to State a Claim*, Doc. 23, is before the Court for findings of fact and a recommended disposition. For the reasons detailed herein, Defendant's motion to dismiss should be **GRANTED**.

**A.     Background**

*Pro se* Plaintiff Rolanda K. Estes brings this employment discrimination lawsuit against her former employer, Thrift Town ("Defendant"). In September 2017, Plaintiff filed her First Amended Complaint against Defendant and three of its employees, alleging (1) racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code ("Chapter 21"), and (2) disability discrimination under the Americans with Disabilities Act of 1990 ("ADA") and Chapter 21. Doc. 12 at 1-3.

Plaintiff alleges several incidents involving Defendant's employees as the basis for her claims. First, Plaintiff alleges that Defendant's regional manager "Allen" told her "that [she] thought [she] was better than the other black woman that worked [at Thrift Town]." Doc. 12 at 4. Plaintiff also referenced a "write-up," presumably disciplinary in nature, that Allen completed and alleged that Allen "refused to listen to [her] explain [her] disability, and often stated that he

[did not] care about why [she] was going to the doctor." Doc. 12 at 4. Second, Plaintiff stated that "Isabell," who was "very discriminating against [her]," refused to let her work at a cash register until "Mrs. Vivian" asked that Plaintiff be placed there. Doc. 12 at 5. Plaintiff also alleged that Isabell would ask her to pick up donations, but would not make the Hispanic cashiers do the same, and made a "remark about black people milking the time." Doc. 12 at 5. Third, Plaintiff briefly described an interaction with another employee, "Kevin," where he "refused to hear [her] side of the story" and "out right [sic] stated that [Plaintiff] knew what [she] was doing." Doc. 12 at 5. As relief, Plaintiff requested "compensatory, backpay, [and] re-instatement." Doc. 12 at 6.

In October 2017, the Court dismissed Plaintiff's claims against Defendant's employees with prejudice, as frivolous, leaving pending only Plaintiff's claims against Defendant. Doc. 16; Doc. 18; Doc. 19. In November 2017, Defendant filed the instant motion to dismiss the remaining claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 23. Plaintiff did not file a response, even after the Court *sua sponte* extended the deadline to do so. Doc. 24.

**B.  <u>Applicable Law</u>**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (citation and internal quotation marks omitted). A court ruling on a

Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

**C.     Analysis**

      **1. Race Discrimination – Title VII and Chapter 21**[1]

Defendant moves to dismiss Plaintiff's Title VII and Chapter 21 race discrimination claims on the grounds that she fails to plead facts consistent with the *prima facie* elements of discrimination, specifically noting that she fails to allege that she suffered any adverse employment action. Doc. 23 at 4.

Title VII makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Supreme Court has made clear that a plaintiff need not plead specific facts establishing a *prima facie* case of employment discrimination to survive a motion to dismiss under Rule 12(b)(6). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Instead, in the context of a race discrimination claim, a plaintiff must allege that she suffered an adverse employment action because of racial discrimination.

---

[1] A stated purpose of the Texas Labor Code is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act of 1990, as well as their subsequent amendments. TEX. LABOR CODE ANN. §§ 21.001(1), (3). Accordingly, the Court's analyses of Plaintiff's federal discrimination claims apply equally to her related state discrimination claims under Chapter 21. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 n.10 (5th Cir. 2001) (noting that claims brought under Chapter 21 are analyzed pursuant to Title VII's framework); *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 318 (5th Cir. 2016) (noting that disability discrimination claims brought under Chapter 21 are analyzed pursuant to the ADA's framework).

*Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Adverse employment actions "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (per curiam) (citation and internal quotation marks omitted).

Plaintiff fails to plead facts that plausibly allege that she suffered an adverse employment action because of her race. Plaintiff's allegations that Defendant's employees made rude comments, gave her a disciplinary write-up, and had her perform more work than other cashiers, do not constitute adverse employment actions, as she failed to connect those acts to any ultimate adverse employment decision. *McCoy*, 492 F.3d at 559. Though not stated explicitly, the Court gleans from Plaintiff's request for "re-instatement" that, at some point, Defendant terminated her employment. However, Plaintiff does not allege that the termination was "because of" her race. *Raj*, 714 F.3d at 331; *see Williams v. City of Richardson*, No. 3:16-CV-2944-L, 2017 WL 4404461, at *6 (N.D. Tex. Sept. 8, 2017) (Toliver, J.) (recommending dismissal of plaintiff's Title VII claim where he failed to allege that he suffered an adverse employment action "*because of* his race") (emphasis in original), *adopted by* 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017) (Lindsay, J.). Accordingly, Plaintiff's race discrimination claims under Title VII and Chapter 21 should be dismissed for failure to state a claim.

### 2. Disability Discrimination – the ADA and Chapter 21

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for discrimination under the ADA, a plaintiff obviously must allege that she has a disability. *Griffin v. UPS*, 661 F.3d 216, 222 (5th

4

Cir. 2011). Under the applicable regulations, a physical or mental impairment is a disability if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 42 U.S.C. § 12102(2)(A). In determining whether an impairment substantially limits a major life activity, courts consider "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long term impact, or the expected permanent or long term impact of, or resulting from, the impairment." *Stewart v. AutoRevo, Ltd.*, No. 3:17-CV-0019-B, 2017 WL 5177119, at *3 (N.D. Tex. Nov. 8, 2017) (Boyle, J.) (citation and internal quotation marks omitted).

      Plaintiff fails to plead facts plausibly suggesting that she has a disability. Indeed, in her *First Amended Complaint*, Plaintiff only references her alleged disability once, when she states that "Mr. Allen refused to listen to me explain my disability, and often stated that he [did not] care about why I was going to the doctor." Doc. 12 at 4. Crucially missing are any facts concerning her purported disability, i.e., its nature, severity, duration, or impact. *Stewart*, 2017 WL 5177119, at *3. Without such information, the Court cannot infer the existence of Plaintiff's disability, much less whether it substantially limits her ability to perform a major life activity as compared to most people in the general population. *Griffin*, 661 F.3d at 222; *see Luedecke v. Tenet Healthcare Corp.*, No. 3:14-CV-1582-B, 2015 WL 58733, at *5 (N.D. Tex. June 23, 2015) (Boyle J.) ("[I]n order to adequately allege a disability under the ADA, a plaintiff must plead facts giving rise to an inference that his or her impairment substantially limits one or more major life activities.") (citation and internal quotation marks omitted)). Accordingly, Plaintiff's

disability discrimination claims under the ADA and Chapter 21 should be dismissed for failure to state a claim.

**D.      Leave to Amend**

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). However, a court may dismiss an action with prejudice without granting an opportunity to amend when the plaintiff fails to respond to a motion to dismiss, despite being invited by the court to do so. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (per curiam).  Here, Plaintiff failed to respond to Defendant's dismissal motion within the time allowed by Local Civil Rule 7.1(e) or after the Court *sua sponte* extended the deadline to file a response. Doc. 24. Moreover, Plaintiff already has amended her complaint once. Based on these facts, the Court finds that Plaintiff is unwilling or unable to amend her complaint in a manner that will avoid dismissal and, as such, dismissal with prejudice is appropriate. *Rodriguez*, 66 F.3d at 97.

**E.      Conclusion**

For the reasons stated herein, *Defendant's Motion to Dismiss for Failure to State a Claim*, Doc. 23, should be **GRANTED** and Plaintiff's claims against Defendant should be **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on February 7, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE